# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

PEDRO JOSE CABAS,                       )
                                        )
    Petitioner,             )
                                        )
v.                                      )
                                        )   Case No. CIV-26-1382-G
WARDEN, DIAMONDBACK                     )
CORRECTIONAL FACILITY,                  )
ET AL.,                                 )
                                        )
    Respondents.            )

## REPORT AND RECOMMENDATION

Petitioner Pedro Jose Cabas, an immigration detainee, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Charles B. Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government has filed a motion to dismiss, *see* Doc. 8. Petitioner has not responded. Because Petitioner is no longer in custody and this Court can grant no relief to Petitioner, the undersigned recommends the Court dismiss the petition as moot.

---

[1]     Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I.    Petitioner's claims.

Respondents have detained Petitioner since March 3, 2026. Doc. 1, at 1. In three grounds for relief, Petitioner raises procedural due process violations and challenges his excessive detention. *Id.* at 6.

## II.    Respondent's motion to dismiss and notice to the Court.

Respondents have moved to dismiss the petition. Doc. 8. They note that on May 13, 2026, an Immigration Judge ordered Petitioner removed from the United States to Colombia. *Id.* at 1 & Ex. 1.

On July 14, 2026, Respondents filed an update stating that Petitioner had been removed from the United States to Columbia on July 2, 2026. Doc. 10, at 1 & Ex. 1. The undersigned has confirmed that Petitioner's location in Immigration and Customs Enforcement (ICE) custody no longer appears on ICE's Online Detainee Locator System. *See* https://locator.ice.gov/odls/#/results (last visited July 16, 2026).

## III.    The petition is moot because Petitioner is no longer in custody.

"The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' requirement of § 2241 is satisfied" if a petitioner files the habeas application while they are incarcerated. *King v. Ciolli*, 2024 WL 1179908, at *2 (10th Cir. Mar. 19, 2024)

(first citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); and then citing *Riles v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

A § 2241 petition must be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

Petitioner was confined in this district when he filed his § 2241 petition. *See* Doc. 1, at 1. But he is no longer in custody as Respondents have removed him to his home country of Colombia. *See* Doc. 10. His release from custody renders his petition moot.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). A case becomes moot "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party . . . ." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

"Mootness . . . is a fundamental bar to judicial review that must be accounted for at all stages of a proceeding, and applies in habeas as in any other type of litigation." *Miller v. Glanz*, 331 F. App'x 608, 610 (10th Cir. 2009). A habeas petition does not become moot merely because a petitioner is no longer in custody. Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences "adequate to meet Article III's injury-in-fact requirement." *King*, 2024 WL 1179908, at *2 (quoting *Spencer*, 523 U.S. at 14).

Once Respondents released Petitioner from their custody, he no longer had a redressable injury arising from his detention. *See id.* (holding that a "petitioner must demonstrate 'some concrete and continuing injury'" to overcome mootness after release from custody (quoting *Spencer*, 523 U.S. at 7)). So the best this Court could do would be to declare the immigration court wrongly decided Petitioner's order of removal. But that determination is wholly outside this Court's jurisdiction. *See, e.g.*, *Essuman v. Gonzales*, 203 F. App'x 204, 211 (10th Cir. 2006) ("The Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal." (internal quotation marks omitted)); 8 U.S.C. §§ 1252(a)(5), (b)(8)(C), (b)(9). So the Court should dismiss the petition as moot.

**IV.    Recommendation and notice of right to object.**

Petitioner's release from custody and removal to Colombia renders his petition moot because there is no live case or controversy for this Court to decide. The undersigned therefore recommends the Court dismiss the habeas corpus petition as moot. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before July 31, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 17th day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE